# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 1:19-CR-253 |
| v. | The Honorable T.S. Ellis, III |
| KRISTOPHER LEE DALLMANN, | |
| DOUGLAS M. COURSON, | Trial Date: July 26, 2021 |
| FELIPE GARCIA, | |
| JARED EDWARD JAUREQUI,  a/k/a Jared Edwards, | |
| PETER H. HUBER, and | |
| YOANY VAILLANT,  a/k/a Yoany Vaillant Fajardo | |
| *Defendants*. | |

### GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE AT TRIAL REGARDING COMMUNICATIONS WITH OR ADVICE FROM LEGAL PROFESSIONALS

On March 25, 2021, defendant Felipe Garcia filed a Notice of Advice of Counsel Defense. This notice consists of one sentence and does not come close to satisfying the requirements of asserting an advice-of-counsel defense. Moreover, the facts in this case refute any attempt by Garcia to suggest that an advice-of-counsel defense exists. Finally, no other defendant in this case filed a notice of an advice-of counsel defense by the deadline established by this Court. As such, this Court should conclude that all of the defendants in this case— including Garcia—are precluded from presenting any evidence related to an advice-of-counsel defense at the trial scheduled to commence on July 26, 2021. Furthermore, the Court should

determine that all the defendants are barred from presenting any evidence regarding communications with or advice from a legal professional for any reason because evidence of this nature would simply be a way to evade the requirements to assert an advice-of-counsel defense, and also because its probative value would be substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury.

## FACTUAL SUMMARY

At the outset, the Government notes that the Court is familiar with the underlying facts in this matter given previous motions and other filings, including the Government's recently filed Trial Brief and Motions *in Limine*. *See* Docket Nos. 148, 197, 229, 420, and 450. Thus, the Government will only discuss the pertinent facts here.

On December 14, 2020, this Court issued an order directing that any defendant who intends to assert an advice-of-counsel defense must provide notice and any documents reflecting the advice of counsel no later than March 25, 2021. Docket No. 427. On March 25, 2021, defendant Garcia filed a Notice of Advice of Counsel Defense ("Notice"). Docket No. 449. Garcia was the only defendant to file such a notice.

In his Notice, Garcia states that he intends to present an advice-of-counsel defense "in accordance with the statements of co-defendant Polo as reported at Bates 3149, *et seq.* of the discovery provided by the Government." *Id.* The document that Garcia references is an FBI report summarizing an interview with defendant Darryl Polo that occurred on November 17, 2017. *See* Exh. A.[1] During this interview, Polo stated that "everything he has done is legal under the 'Fair Use Act'" and that "if he owns a copy of something he can let people rent it." *Id*. at 1. Polo also claimed that he "attend[ed] a meeting with [defendant Kristopher]

---

1 Excerpts of the relevant portions of FBI Reports are attached as exhibits.

DALLMANN and a retired judge in Las Vegas during which the judge told DALLMANN that the JETFLICKS business model was legal. In particular if they owned a copy of a given title, they could essentially rent that copy to others." *Id.*

In further interviews, Polo then provided some more information about the meeting with the lawyer. First, he explained that the lawyer "represented to them that so long as Jetflicks didn't allow downloads, the streaming of TV shows was not distribution" and "also [she] supported the concept of owning DVDs prior to posting the show on the Jetflicks service." Exh. B, at 5. Polo also stated that he "understood from early on that the Jetflicks model was illegal" and that other co-conspirators must have known as well, given the fact that "they knew Jetflicks was using SickRage and torrents" to obtain television episodes. *Id.* at 6. Polo also noted that Jetflicks offered a service called Realflicks as a paid add-on that gave subscribers access to reality television shows. *Id*. at 3. Such shows were generally not available for purchase. *Id.*

Second, in a later interview, Polo provided more details about this meeting with the lawyer. He noted that the lawyer was "older with a beehive hairdo" and "might have been a neighbor of Dallmann's." Exh. C, at 3. Polo also stated that "[t]he lawyer showed them a law from 2005 that said you were allowed to own a backup of any work that you legally owned" and that "it was ok to stream the television shows if you owned a copy of the show [as long as you] own[ed] as many copies as were being streamed at any given time." *Id.* However, Polo noted that Jetflicks did not comply with even this legal interpretation. For example, Jetflicks did not have "legitimately owned DVDs" for every television show and did not have multiple copies for each person watching a given episode at a time; they showed television episodes as soon as they were aired and before they were on DVDs and sometimes even before they were aired on the West Coast; and they used SickRage and Sick Beard "to obtain 100% of the content, and [those]

were completely illegal sources." *Id.* at 4. Subsequently, Polo pleaded guilty to numerous counts in the indictment. Docket 131-133.

Besides omitting these additional statements by Polo, the Notice that Garcia filed is deficient for numerous reasons. Specifically, Garcia provides no information regarding when this alleged attorney meeting occurred, who this individual was that rendered the advice (other than Polo's claim that she was a "retired judge"), why this meeting was held, or what facts were provided to this individual. Moreover, Garcia provides no evidence to suggest that he (or anyone else at Jetflicks) actually followed the legal advice that he claims was rendered by this person. Finally, in his Notice, Garcia does not mention if he was present for this alleged meeting.

## DISCUSSION

Good faith reliance on the advice of counsel is a defense that an individual can present to attempt to negate the required *mens rea* that the Government must prove for an individual to be convicted of a crime. *United States v. Okun*, 2009 WL 414009, at *6 (E.D. Va. Feb. 18, 2009) (Payne, J.). This Court has previously explained that to present a reliance-on-counsel defense, defendants most present more than a scintilla of evidence that

> i) the advice was sought and received before taking action; ii) [defendants] in good faith sought the advice of a professional whom they considered competent; iii) the purpose of securing the advice was to determine the lawfulness of future conduct; iv) a full and accurate report was made to the professional of all material facts which the defendants knew; and v) [defendants] acted strictly in accordance with the advice of the professional who had been given a full report.

*United States v. Dallmann*, 433 F.Supp.3d 804, 810 (E.D. Va. 2020) (citing *United States v. O'Connor*, 158 F.Supp.2d 697, 727-28 (E.D. Va. 2001) (Ellis, J.)). This Court has further noted that the Fourth Circuit has consolidated these elements into two requirements—specifically, a defendant is required to present evidence that 1) all the pertinent facts were fully disclosed to the

4

legal professional; and 2) the defendant relied in good faith on the expert's advice. *Id.*; *see also United States v. Westbrooks*, 780 F.3d 593, 596 (4th Cir. 2015). While the Government is required to prove the element of "willfulness," the court can require the defendant to produce evidence supporting an advice-of-counsel defense. *Id.*

Here, Garcia has not even attempted to present evidence that would satisfy either of the two standards to assert an advice-of-counsel defense. First, Garcia has offered no information about when this alleged meeting occurred and if it occurred prior to Jetflicks making pirated television content available to subscribers. *See Okun*, 2009 WL 414009, at *8 (noting that in determining the admissibility of evidence regarding advice of counsel, it is "critical to admissibility that the advice was received by the defendant 'before taking action'" because a defendant who has taken "'significant steps' toward completing a criminal action cannot avail himself of later-received advice of counsel"); *see also United States v. Polytarides*, 584 F.2d 1350, 1352 (4th Cir. 1978) (noting that a crucial element in establishing reliance on advice of counsel is that the advice was secured regarding a possible future act). Moreover, Garcia has not identified the "retired judge" who provided the alleged advice, and thus it is impossible to determine if this person was in fact a legal professional who was competent to provide legal advice on this subject. *See Bursten v. United States*, 395 F.2d 976, 982 (5th Cir. 1968) (concluding that it is not solely sufficient to make full disclosure to a professional—a defendant must also establish that the professional was competent and that this person provided independent advice that the defendant followed in good faith); *O'Connor*, 158 F.Supp.2d at 728. n.56. And Garcia has failed to provide any information with regard to why this alleged legal advice was sought in the first place.

Next, Garcia has offered no information about what material facts were presented to the

lawyer who allegedly provided this guidance. In fact, it is impossible to determine what the basis of this individual's advice was or whether she was even in a position to provide competent legal advice. *Id.* at 728 (concluding that for a number of reasons, including that defendants were not forthright and truthful to the legal professional in question, that an advice of counsel defense was "fruitless"); *see also Westbrooks*, 780 F.3d at 597 (concluding that the district court properly determined that advice-of-counsel defense did not apply when district court determined that defendant did not establish full disclosure of all pertinent facts).

Further, there is no evidence suggesting that Garcia relied upon any alleged legal advice by the "retired judge"—even assuming that she gave the advice that Polo described. In fact, the evidence shows that Garcia willfully conspired to commit criminal copyright infringement.

For instance, to the extent that Garcia is arguing that he believed Jetflicks "owned" a copy of each of the television programs available in the Jetflicks database, it is unclear how he believed Jetflicks acquired these ownership rights. Numerous text messages either sent or received by Garcia show that Garcia was aware that Jetflicks was obtaining content for the Jetflicks database the same day that it aired. *See, e.g.*, GEX 6, GEX 34, GEX 40, and GEX 49. In fact, on October 16, 2013, Dallmann and Garcia had the following exchange, in which Dallmann mocked a subscriber complaining about Jetflicks on Facebook:

> Dallmann    Yea [redacted], thats tough waiting sometimes a week especially when Netflix has it same day. Oh wait they dont. You have to wait months with the competition. Quit crying. Jetflicks! is hands down THE best streaming TV provider in the world! I'm a very happy customer since January 2010. The best bang for your buck! Thanks again Jetflicks!
>
> Garcia    :) makes me so happy and worth the late hours

GX 012. Similarly, on January 23, 2015, Garcia impatiently emailed defendant Courson:

> I've been asking why shows aren't updating like they ust to?! Yesterday it took

> longer than normal to update Vanderpump rules.. Now it's 10pm Wednesday and Real Housewives of Beverly Hills still isn't there from yesterday? Why aren't shows updating like they ust to the next morning? We can just hop on to bravo now and watch the shows or whatever else in the next 24 hour time frame and skip paying the fee of jetflicks.. Not understanding the point of this now? This was my main reason for using Jetflicks..

GX 049.   It defies belief that Garcia would have believed that Jetflicks legitimately obtained copies of these television programs and in fact "owned" these programs when Jetflicks was obtaining the content the same day that it aired.

Moreover, the Government's evidence shows that Garcia knew that the source of Jetflicks' content was sites such as Sick Beard. Garcia had numerous conversations with co-conspirators discussing Sick Beard and obtaining content from it. *See, e.g.,*, GEX 13, GEX 28, GEX 29, and GEX 49. If Garcia thought shows could be rented if they were owned, it seems he would have expected for the co-conspirators to be visiting online retail stores to purchase shows rather than sourcing them from pirate sites.

Most telling, the evidence shows that once Garcia left the conspiracy, he threatened to report Dallmann to the Motion Picture Association of America ("MPAA"). *See* GEX 64, 64A. If Garcia believed that what Jetflicks was doing was legal and that Jetflicks was obtaining its content from legitimate sources in conformance with this alleged legal advice, why would Garcia have threatened to report Dallmann to the MPAA. The evidence in this case belies any suggestion that Garcia was relying on alleged legal advice that Jetflicks could "rent" material when the company owned a copy of a particular television program.

In addition, Garcia's notice of an advice-of-counsel defense is deficient in another key way: he does not suggest that he was present for this alleged meeting with the lawyer.   Instead, Garcia suggests that his defense is "in accordance with the statements of co-defendant Polo as reported at Bates 3149, *et seq.* of the discovery provided by the Government."   Docket No. 449,

at 1. Put succinctly, Garcia is relying on Polo's statements of what advice was rendered at this alleged meeting. This is impermissible. The Fourth Circuit has made clear that "an intermediary's alleged 'conveyance' of an attorney's advice to a criminal defendant 'does not satisfy the elements of a reliance defense.'" *United States v. Narang*, 2019 WL 3949308, at *14 (E.D. Va. Aug. 21, 2019).

Finally, as a separate matter, no other defendant filed a Notice of Advice-of-Counsel Defense by the required deadline. *See* Docket No. 427. Thus, the Court should make clear not only that the defendants are barred from advancing an advice-of-counsel defense but also that they are precluded from presenting evidence of any communications or advice from a legal professional or reliance thereon.

First, given the fact that none of the other defendants filed a notice to raise this affirmative defense, it is entirely possible that these defendants realize that they cannot satisfy the requirements of asserting an advice-of-counsel defense but still intend to attempt to elicit testimony or present evidence regarding advice received from counsel, even if the defendants do not present this evidence as an affirmative defense. This Court should not permit such an evasion of the advice-of-counsel defense requirements. Instead, it should hold that all of the defendants are barred from presenting any evidence regarding any communications or advice from counsel for any reason. *Nitinol Medical Technologies, Inc. v. AGA Medical Corp.*, 135 F.Supp.2d 212, 219 (D. Mass 2000) (ordering that the defendant must either file written notice by the requisite deadline that it intends to rely on the advice of counsel and produce the required materials or, if it does not provide such notice, that it is precluded from introducing any evidence or relying at trial on any claim or defense of advice of counsel).

Second, any attempt to present such evidence would be substantially outweighed by the

danger of unfair prejudice, confusing the issues, and misleading the jury, and the Court should preclude it pursuant to Rule 403 of the Federal Rules of Evidence. *See Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, 2017 WL 2605977, at *5 (E.D.Va. June 5, 2017) (concluding that because defendants did not want to waive privilege and assert an advice-of-counsel defense, defendants could not present evidence regarding consultations with legal counsel because allowing the evidence would "unfairly prejudice Plaintiff under Rule 403 because its probative value is largely limited to creating an inference regarding advice of counsel").

    Accordingly, this Court should bar all of the defendants—including Garcia—from presenting any evidence at trial regarding communications with or advice from legal professionals.

                                                Respectfully submitted,

                                                Raj Parekh
                                                Acting United States Attorney

Date: <u>April 2, 2021</u>      By:        <u>/s/</u>
                                                Monika Moore
                                              Alexander P. Berrang
                                              William Fitzpatrick
                                              Assistant United States Attorneys
                                              U.S. Attorney's Office
                                              2100 Jamieson Avenue
                                              Alexandria, Virginia 22314
                                              Tel: 703-299-3700
                                              Fax: 703-299-3981
                                              Email: Monika.Moore@usdoj.gov


                                 By:       <u>/s/</u>
                                              Matthew A. Lamberti
                                              Special Assistant United States Attorney,
                                                  Eastern District of Virginia
                                              Senior Counsel,
                                                  Computer Crime and Intellectual Property
                                                  Section
                                              United States Department of Justice
                                              1301 New York Avenue, NW, Suite 600
                                              Washington, DC 20530
                                              Phone: (202) 514-1026
                                              Email: Matthew.Lamberti@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By: _____/s/_____
Monika Moore
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: monika.moore@usdoj.gov